**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| JOHN MORALES, III, *on behalf of himself and all those similarly situated,*<br>613 West Harrison Street<br>Monticello, Indiana 47960<br><br>       Plaintiff,<br><br>   v.<br><br>ROEHL TRANSPORT, INC.,<br>1916 E 29th Street<br>Marshfield, WI 54449<br><br>   and<br><br>JOHN DOES 1-10<br><br>      Defendants. | CIVIL ACTION NO:<br>COLLECTIVE & CLASS ACTION<br>COMPLAINT WITH JURY DEMAND |

## COLLECTIVE & CLASS ACTION COMPLAINT

Plaintiff John Morales, III ("Named Plaintiff"), on behalf of himself and those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendant Roehl Transport, (collectively, "Defendants").

## INTRODUCTION

1.     Named Plaintiff initiates the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA") and the Wisconsin Minimum Wage Law.  Defendants intentionally failed to compensate Named Plaintiff and similarly situate drivers for wages earned while in the employ of Defendants.  As a result of Defendants' unlawful actions, Named Plaintiff and similarly situated drivers (collectively "Plaintiffs") have been harmed.

## JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Named Plaintiff's and Plaintiffs' federal claims because this civil action arises under a law of the United States and seeks redress for violations of a federal law, 29 U.S.C. § 201 *et seq.*

3.      This Court, in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. Sections 1332, *et al.*, has jurisdiction over Named Plaintiff's and Plaintiffs' claims brought under Wisconsin state law because (1) at least one member of the putative class is not a citizen of Wisconsin; (2) Defendants are citizens of Wisconsin; and (3) the total amount in controversy exceeds $5,000,000.

4.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendants are deemed to reside where it is subject to personal jurisdiction, rendering Defendants residents of the this judicial district.

## PARTIES

6.      The foregoing paragraphs are incorporated herein as if set forth in full.

7.      Named Plaintiff is an adult individuals with an address as set forth in the caption.

8.      Defendant Roehl Transport, Inc. (hereinafter "Defendant Roehl") is a corporation headquartered in Wisconsin and is engaged in the hauling and delivery of freight across the United States.

9.    Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants' failing to pay Named Plaintiff and Plaintiffs proper compensation pursuant to the FLSA and the Wisconsin Minimum Wage Law.

10.    Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiff and Plaintiffs.

11.    At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## COLLECTIVE ACTION ALLEGATIONS

12.    The foregoing paragraphs are incorporated herein as if set forth in their entirety.

13.    Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all drivers who participated in Defendants' over-the-road training program in the last three years (hereinafter, these individuals will be referred to as "Collective Plaintiffs").

14.    Named Plaintiff's claims are typical of the claims of Collective Plaintiffs, because Named Plaintiff, like all Collective Plaintiffs, was an employee of Defendants whom Defendants failed to pay minimum wage as required by the FLSA in the last three years.

15.    Named Plaintiff will fairly and adequately protect the interests of Collective Plaintiffs, because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class.  Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

3

16.     No difficulties are likely to be encountered in the management of this collective action that would preclude its maintenance as a collective action.   The class will be easily identifiable from Defendants' records.

17.     Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records. Named Plaintiff does not know the exact size of the potential class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is estimated to be in the thousands.

18.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.   Among the questions of law and fact that are common to the class is whether Defendants failed to pay the putative class minimum wage for all hours worked, by paying a flat salary to drivers who participated in Defendants' over-the-road training program which did not compensate drivers an amount equal to the federal minimum wage for all hours worked.

19.     Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

20.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

21.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, Named Plaintiff brings his claims for relief on behalf of himself and those similarly situated.

22.     Specifically, Named Plaintiff brings this action for violations of the Wisconsin Minimum Wage Law on behalf of himself and all drivers who participated in Defendants' over-the-road training program in the last three years (hereinafter, these individuals will be referred to as "Class Plaintiffs").

23.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is estimated to be in the thousands..

24.     Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all Class Plaintiffs, was an employee of Defendants in Wisconsin who was denied minimum wage for certain compensable hours worked.

25.     Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class.  Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

26.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendants' records.

27.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish

incompatible standards of conduct for Defendants.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

28.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.  Among the questions of law and fact that are common to the class is whether Defendants failed to pay the putative class minimum wage for all hours worked, by paying a flat salary to drivers who participated in Defendants' over-the-road training program which did not compensate drivers an amount equal to the federal minimum wage for all hours worked.

29.     Therefore, Named Plaintiff should be permitted to bring this action as a class action for and on behalf of himself and those employees similarly situated, pursuant to Fed. Rule of Civ. Pro 23.

## FACTUAL BACKGROUND

30.     The foregoing paragraphs are incorporated herein as if set forth in full.

31.     Upon information and belief, Defendants have maintained the unlawful pay system described herein for at least the last three years.

32.     All student drivers employed by Defendants are deemed employees of Wisconsin because all student drivers (1) had their employment application processed in Wisconsin; (2) reported to a Student Driver Manager located in Wisconsin; (3) reported their hours worked via Defendants' Qualcomm to Defendants' headquarters in Wisconsin; (4) had their pay calculated by Defendants' headquarters in Wisconsin; and (5) received their pay directly from Wisconsin. Moreover, all decisions regarding the student drivers' employment, including hiring, driving assignments, and termination, were made in Wisconsin.

33.     Named Plaintiff, Class Plaintiffs, and Collective Plaintiffs (collectively "Plaintiffs") were subjected to an unlawful compensation system to which Defendants subjected all of their student drivers.

34.     Named Plaintiff and Plaintiffs were all enrolled in Defendants' over-the-road Student Driver Program and were all subjected to the policies discussed herein within the last three years.

35.     Named Plaintiff worked for Defendants as an over-the-road truck driver in April of 2013 and was subjected to the wage practices discussed herein during said time.

## THE STUDENT DRIVER PROGRAM

36.     The foregoing paragraphs are incorporated herein as if set forth in full.

37.     Defendants operate a multi-week over-the-road training program ("Student Driver Program") which they require newly hired drivers to attend at the start of their employment.

38.     Named Plaintiff and Plaintiffs were/are required to attend trucking school and obtain a valid Commercial Drivers' License prior to enrollment in the Student Driver Program.

39.     Throughout the program, Defendants paid Named Plaintiff and Plaintiffs a base weekly salary, regardless of the total number of hours worked.

40.     During the Student Driver Program, Named Plaintiff and Plaintiffs were required to drive and transport cargo while accompanied by a "trainer," an experienced truck driver who was also employed by Defendants.

41.     While the trainer was typically paid per mile, the student drivers, Named Plaintiff and Plaintiffs, were paid only a flat salary.

42.     Defendants paid Plaintiffs a flat salary of less than $500 per week during the Student Driver Program.

43.     Defendants paid Named Plaintiff a flat salary of $300 per week during the Student Driver Program.

44.     During this Student Driver Program, Named Plaintiffs and Class Plaintiffs were directed to report their time as "on duty" or "off duty."

45.     The "on duty" and "off duty" designations were used to measure the amount of time a truck driver can continue driving before resting, per the applicable Department of Transportation ("DOT") regulations, which require truck drivers to rest following a set amount of time which they are "on duty," as defined by the regulations.

46.     Named Plaintiff and Plaintiffs regularly logged 9-10 hours of DOT "on duty" time per workday, and worked as much as 70 DOT "on duty" hours per workweek.

47.     Defendants failure to pay Named Plaintiff and Plaintiffs at least minimum wage for all time designated by the DOT as "on duty" violated the law.

## UNPAID REST BREAKS

48.     Defendants instructed Named Plaintiff and Plaintiffs to log "off duty" during meal, coffee, and routine stops.

49.     Defendants instructed Named Plaintiff and Plaintiffs to log "on duty" while driving and while performing regular maintenance and fueling duties.

50.     Named Plaintiff and Class Plaintiffs reported their time via their Qualcomm messaging computer located inside each truck.  The Qualcomm message is sent directly to Defendants' headquarters in Wisconsin.

51.     Named Plaintiff and Plaintiffs regularly log breaks which are shorter than 20 minutes as "off duty" on their Qualcomm computer.

52.     Named Plaintiff and Plaintiffs regularly log rest breaks as "off duty" which are not for the purposes of eating a meal, and instead, are for coffee breaks and other routine stops.

53.     Defendants are aware that Named Plaintiff and Plaintiffs log rest breaks which are not *bona fide* meal periods as "off duty" because they instruct and direct Named Plaintiff and Plaintiffs to log such rest breaks as "off duty."

54.     Under federal and state law, breaks which primarily benefit the employer must be paid; short rest breaks and rest breaks which are not *bona fide* meal breaks must therefore be paid.

55.     By failing to pay at least minimum wage for such rest breaks, Defendants violated the law.

## UNPAID SLEEPER BERTH TIME

56.     The foregoing paragraphs are incorporated herein as if set forth in full.

57.     Defendants instructed Named Plaintiff and Plaintiffs to log time spent in a sleeper berth as "off duty."

58.     Named Plaintiff and Class Plaintiffs regularly logged more than 8 hours per day as "off duty" per Defendants' instructions to log all time in a sleeper berth and all time in rest breaks as being "off duty."   This occurred on days where Named Plaintiff and Plaintiffs were working on an assignment for more than 24 hours.

59.     Moreover, per DOT regulations and the written policies of Defendants, (1) Named Plaintiff and Plaintiffs were required to log at least 10 consecutive hours "off duty" after driving more than 11 hours; and (2) Named Plaintiff and Class Plaintiffs were required to log at least 10 consecutive hours "off duty" after being "on duty" for more than 14 hours.

60.     Named Plaintiff and Plaintiffs were therefore required, by law and by policy, to rest during multi-day assignments.  During these periods, Named Plaintiff and Plaintiffs remain responsible for the vehicle and cargo in their possession.  They further are unable to leave the proximity of the vehicle.

61.     Accordingly, Named Plaintiff and Plaintiffs cannot effectively use any of the rest break time for their own benefit; this time primarily benefits Defendants, and accordingly, must be paid at least at minimum wage.

62.     Furthermore, per 29 C.F.R. § 785.22 and DWD §272.12(2)(d), an employer may not dock an employee for a sleeping period unless the sleeping period is a *bona fide* regularly scheduled sleeping period of not more than 8 hours.  If the period is more than 8 hours, an employer may still only exclude up to an aggregate total of 8 hours per 24 hours worked for *bona fide* sleeping periods and meal breaks.

63.     Accordingly, Defendants' practice of failing to pay Named Plaintiff and Plaintiffs minimum wage for more than 8 hours per day of Named Plaintiff's and Plaintiffs' workday, while over-the-road on assignment for Defendants, violates the law.

64.     Furthermore, as the time Named Plaintiff and Plaintiffs spent in a sleeper berth was not regularly scheduled, Defendants violated the law by excluding any time spent in a sleeper berth by Named Plaintiff and Plaintiffs.

65.     Moreover, much of the time spent in the sleeper berth was time when the vehicle was moving. Named Plaintiff and Plaintiffs needed to stay in the vehicle so that they could drive the vehicle or perform other work relating to the transportation of the vehicle when requested by Defendants.

66.     Under the Portal-to-Portal Act, Named Plaintiff and Plaintiffs were entitled to compensation when they travel because (1) they already had performed their first primary activity of the trip; and (2) they had not yet performed their final primary activity of the trip.

67.     Accordingly, Defendants' failure to compensate for such time violates the Portal-to-Portal Act, 29 C.F.R. § 785.38 ("Travel that is all in a day's work"), and DWD §272.12(2)(g) ("Travel time").

68.     Defendants' had knowledge that Named Plaintiff and Plaintiffs were not getting paid for time spent while in a moving vehicle because Defendants, via the Qualcomm system in each truck, were notified in real time about the truck's movements.

69.     Additionally, Named Plaintiff and Plaintiffs were engaged to wait during all times designated as "off duty" because, *inter alia*, during the "off duty" time (1) they were significantly physically restricted as they could not leave the proximity of the truck; (2) they had to ensure that the truck and its cargo were safe; and (3) they had to respond to requests from Defendants immediately when made, including having to, with virtually no advanced notice, resume driving the tractor-trailer.

70.     Finally, Named Plaintiff and Plaintiffs were working when they were required to travel overnight on multi-day trips because "travel that keeps an employee away from home overnight . . . is clearly worktime when it cuts across the employee's workday." *See* 29 C.F.R. §785.39 and DWD §272.12(2)(g).

71.     Accordingly, Defendants' failure in compensating Named Plaintiff and Plaintiffs for time spent traveling away from home violates the law.

11

72.    Accordingly, Defendants failed to pay the minimum wage, as required by federal and state law, to Named Plaintiff and Plaintiffs for all compensable time which was logged as "off duty" on the Qualcomm system.

73.    As a result of Defendants' unlawful conduct, Named Plaintiff and Plaintiffs have been harmed.

**COUNT I**
**Violations of the Fair Labor Standards Act**
**(Named Plaintiff and Collective Plaintiffs)**
**(Minimum Wage)**

74.    The foregoing paragraphs are incorporated herein as if set forth in full.

75.    At all times relevant herein, Defendants were and continue to be an "employer" within the meaning of the FLSA.

76.    At all times relevant herein, Named Plaintiff and Collective Plaintiffs were/are "employees" within the meaning of the FLSA.

77.    The FLSA requires employers, such as Defendants, to minimally compensate employees, such as Named Plaintiff and Collective Plaintiffs, at the federal minimum wage rate for each hour worked.

78.    As a result of Defendants' failure to calculate the number of compensable hours in their pay calculation of Named Plaintiff's and Collective Plaintiffs' wages, Named Plaintiff and Collective Plaintiffs were paid less than the minimum wage for hours they worked in the Student Driver Program.

79.    Defendants willfully failed to compensate Named Plaintiff and Collective Plaintiffs the federal minimum wage.

80.     As a result of Defendants' failure to compensate Named Plaintiff and Collective Plaintiffs at the federal minimum wage rate, Defendants have violated and continue to violate the FLSA.

81.     As a result of Defendants' unlawful conduct, Named Plaintiff and Collective Plaintiffs suffered damages as set forth herein.

**COUNT II**
**Violations of the Wisconsin Minimum Wage Law**
**(Named Plaintiff and Class Plaintiffs)**
**(Minimum Wage)**

82.     The foregoing paragraphs are incorporated herein as if set forth in full.

83.     At all times relevant herein, Defendants were and continue to be an "employer" within the meaning of Wis. Stat. §104.01(3).

84.     At all times relevant herein, Named Plaintiff and Class Plaintiffs were/are "employee[s]" within the meaning of Wis. Stat. §104.01(2).

85.     As a result of Defendants' failure to calculate the number of compensable hours in their pay calculation of Named Plaintiff's and Class Plaintiffs' wages, Named Plaintiff and Class Plaintiffs were paid less than the minimum wage for hours they worked in the Student Driver Program.

86.     Defendants willfully failed to compensate Named Plaintiff and Class Plaintiffs the state minimum wage.

87.     As a result of Defendants' failure to compensate Named Plaintiff and Class Plaintiffs at the state minimum wage rate, Defendants have violated and continue to violate the Wisconsin Minimum Wage Law.

88.     As a result of Defendants' unlawful conduct, Named Plaintiff and Class Plaintiffs suffered damages as set forth herein.

**COUNT III**
**Unjust Enrichment**
**(Named Plaintiff and Class Plaintiffs)**

89.     The foregoing paragraphs are incorporated herein as if set forth in full.

90.     Defendants were unjustly enriched at the expense of Named Plaintiff and Class
Plaintiffs in that they benefited from the time Named Plaintiff and Class Plaintiffs were working
over-the-road during the time they were employed in the Student Driver Program but failed to
pay even minimum wage to Named Plaintiff and Plaintiffs for such time.

91.     Permitting Defendants to benefit from the labor and time spent by Named
Plaintiff and Class Plaintiffs without requiring Defendants to pay Named Plaintiff and Plaintiffs
at least minimum wage would unjustly enrich Defendants.

92.     As a result of Defendants' unlawful conduct, Named Plaintiff and Class Plaintiffs
suffered damages as set forth herein.

**COUNT IV**
**Breach of Implied Contract**
**(Named Plaintiff and Class Plaintiffs)**

93.     The foregoing paragraphs are incorporated herein as if set forth in full.

94.     In hiring Named Plaintiffs and Class Plaintiffs, it was an implied and implicit
term of their employment that Named Plaintiff and Class Plaintiffs would be paid at least
minimum wage for all compensable hours worked.

95.     Defendants breached this obligation to Named Plaintiff and Class Plaintiffs.

96.     As a result of Defendants' unlawful conduct, Named Plaintiff and Class Plaintiffs
suffered damages as set forth herein.

## COUNT V
### Breach of Contract
### (Named Plaintiff and Class Plaintiffs)

97.     The foregoing paragraphs are incorporated herein as if set forth in full.

98.     Defendants agreed to pay Named Plaintiff and Class Plaintiffs at least minimum wage for all compensable hours worked.

99.     Defendants breached this obligation to Named Plaintiff and Class Plaintiffs.

100.     As a result of Defendants' unlawful conduct, Named Plaintiff and Class Plaintiffs suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff and Plaintiffs pray that this Court enter an Order:

(1) Certifying the instant action as a "collective action" pursuant to the Fair Labor Standards Act;

(2) Certifying this action as a "class action" pursuant to Federal Rule of Civil Procedure 23 and the Class Action Fairness Act of 2005;

(3) Providing that Defendants are prohibited from continuing to maintain their illegal policy, practice, or customs in violation of federal and state laws;

(4) Providing that Defendants are to compensate, reimburse, and make Named Plaintiff and Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions and/or breach of contractual obligations, including but not limited to past lost earnings.

(5) Awarding Named Plaintiff and Plaintiffs liquidated damages pursuant to the laws they are suing under in an amount equal to the actual damages in this case;

(6) Awarding Named Plaintiff and Plaintiffs the costs and expenses of this action and reasonable legal fees as provided by applicable law; and,

(7) Awarding Named Plaintiff and Plaintiffs all other relief as the Court deems appropriate and just.

> Respectfully Submitted,
> **SWARTZ SWIDLER, LLC**
>
> /s Justin  L. Swidler
> Justin L. Swidler, Esq.
> Richard S. Swartz, Esq.
> 1878 Marlton Pike East, Suite 10
> Cherry Hill, NJ 08003
> 856-685-7420
> Attorneys for Plaintiffs

Dated: October 1, 2013